UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY ALEXANDER TEMPLE,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

Defendants.

No.  2:26-cv-0206 DC AC P

ORDER

Plaintiff is a state inmate detained at the California Health Care Facility.  ECF No. 1. With the assistance of his sister and "next friend" Robin Temple, he initiated this action by filing a complaint under 42 U.S.C. § 1983.  ECF No. 1.  The complaint was accompanied by motions for leave to proceed in forma pauperis, for a temporary restraining order, for service by the United States Marshal, and for electronic service.  ECF Nos. 2-5.  Only the motion to proceed in forma pauperis is signed by plaintiff while all other documents are signed by Ms. Temple only. Plaintiff has also filed an emergency motion relating to Ms. Temple's ability to participate in his medical decision making, which is also signed only by Ms. Temple.

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."  Whitmore v. Arkansas, 495 U.S. 149, 162 (1990).  Next friend standing is not automatic and there are two

1

prerequisites to establish the requisite standing. Id. at 163.

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id. at 163-64 (internal citations omitted). Ms. Temple has failed to demonstrate the existence of the first prerequisite, namely that plaintiff is not able to appear on his own behalf. Instead, she alleges only that he is "medically fragile" and that she was previously appointed by an administrative law judge as plaintiff's primary medical decision maker, though that designation has since been withdrawn. ECF No. 1 at 1; ECF No. 3 at 15. Plaintiff has also submitted a two-page medical consultation report. However, nothing within the report suggests that plaintiff is unable to represent himself. ECF No. 3 at 24-25.

Nothing in the present record supports a finding that plaintiff is unable to appear on his own behalf.[1] Because designation as plaintiff's next friend is inappropriate and Ms. Temple does not appear to be an attorney, the filings signed only by Ms. Temple will be stricken from the record as improperly filed. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

Should he wish to pursue this case, plaintiff must submit a complaint bearing his own signature and he will be given an opportunity to do so. In the event plaintiff does not submit a signed complaint within the time provided it will be recommended that this action be dismissed without prejudice. The court will abstain from ruling on the application to proceed in forma pauperis until it is determined that plaintiff is proceeding with this matter.

Plaintiff is informed that the court will not take any action on any documents filed by Ms.

---

[1] Prisoner litigation is generally conducted via written submissions throughout the pretrial period, so plaintiff's inability to physically appear in court is irrelevant. Incarcerated pro se litigants with complicated medical situations regularly litigate on their own behalf.

2

Temple as his putative "next friend," and will not consider any future filings that are not signed by plaintiff himself.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to STRIKE the complaint (ECF No. 1) and all other documents signed only by Ms. Temple (ECF Nos. 3, 4, 5, 6, 12).

2.  Within thirty days of the service of this order, plaintiff must file a complaint bearing his signature if he wishes to continue pursuing this case.  Failure to submit a properly signed complaint will result in a recommendation that this action be dismissed without prejudice.

DATED: February 9, 2026

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3